IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA PATRICK, )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>CHICAGO JOINT RETAIL, )<br>WHOLESALE, DEPARTMENT STORE )<br>LOCAL UNION 239, RWDSU, )<br>)<br>)<br>)<br>Defendant. ) | No. 04 C 4510<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this court is Chicago Joint Retail, Wholesale, Department Store Local Union 239, RWDSU's (hereinafter referred to as "Local Union 239" or "Defendant") motion to dismiss Patricia Patrick's ("Patrick" or "Plaintiff") Complaint. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## Factual Background

On July 7, 2004, Patrick filed suit in this Court against Local Union 239. In Patrick's complaint, she alleges that Local Union 239 failed to adequately represent her in two grievances that she filed against her employer, the Hyde Park Cooperative, on August 6, 2002 and August 10, 2002, after her employer reduced the number of hours she worked.

Plaintiff states that after she filed her grievances, Emma Summerville, Local Union 239's representative, set up a meeting between Patrick, Jerry Bender (a Hyde Park Cooperative manager) and Willie Ragland ( Jerry Bender's supervisor). Emma Summerville directed Patrick to go to the meeting with these supervisors without the presence of union representation (except for the last 15 minutes of the meeting, when a Local Union 239 representative was called into the meeting). Patrick was discharged from her employment prior to any final disposition of her grievances.

## Legal Standard For a Motion to Dismiss

In ruling on a motion to dismiss pursuant Federal Rules of Civil Procedure 12 (b)(1) and 12(b)(6), the Court "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1039 (7th Cir. 1987). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). In addition, in ruling upon a 12(b)(1) motion, the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists. Alicea-Hernandez v. Catholic Bishop of Chicago, 320 F.3d 698, 701 (7th Cir. 2003).

## Analysis of Plaintiff's Claim

Defendant argues that Patrick's Complaint against Local Union 239 must be dismissed because her claim, in essence, is a breach of duty of fair representation, pursuant to Section 301 of the Labor Management Relations Act ("§301"), 29 U.S.C. § 185, and such a claim must be brought within six months of the complained occurrence. Alternatively, Plaintiff contends that her claim should be governed by Illinois' ten year statute of limitations for breach of contract actions. Patrick contends that her allegations that Local Union 239 breached its agreement with Hyde Park Cooperative in its handling of her grievances closely resembles a state breach of contract action.

In DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court held that the appropriate statute of limitations in "hybrid" § 301 actions (where the employee brings allegations against both the employer and the union) is six months. Subsequently, in Johnson v. Graphic Communications International Union, 930 F.2d 1178 (7th Cir. 1991), the Seventh Circuit held that the six month statute of limitations period of the Labor Management Relations Act also applies when an employee brings a suit against a union for the breach of duty of fair representation. Id. at 1183.

Plaintiff's suit is, in essence, a suit for breach of duty of fair representation, as her Complaint alleges that Local Union 239 failed to adequately represent her in the grievances against Hyde Park Cooperative. In Johnson, the Seventh Circuit noted that breach of duty of fair representation suits might very well "be analogized to numerous causes of action, including fraud, breach of contract, tortious interference or...legal malpractice." Id. at 1183. However, in applying a uniform statute of limitations to breach of duty of fair representations claims, the

Johnson court sought to ensure the prompt resolution of these disputes, and provide certainty to both the plaintiffs and defendants who litigate these claims. Id. at 1182-83. Consequently, although Plaintiff's claim may contain some elements that are analogous to a breach of contract dispute, her Complaint still falls under the rubric of breach of duty of fair representation. Therefore, because Patrick did not file her complaint within six months of the complained occurrences, her suit must be dismissed as untimely.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint is GRANTED.

Enter:

_David H. Coar_
David H. Coar
United States District Judge

Dated: **March 2, 2005**